**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **E.M. and K.M.-1**

**No. 25-138** (Wood County CC-54-2024-JA-3 and CC-54-2024-JA-4)

**MEMORANDUM DECISION**

Petitioner Stepfather K.M.-2[1] appeals the Circuit Court of Wood County's January 31, 2025, dispositional order terminating his custodial rights to E.M. and K.M.-1, arguing that the circuit court erred in terminating his custodial rights.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

In January 2024, the DHS filed a petition against the petitioner and the mother alleging substance abuse and that the petitioner used excessive corporal punishment against E.M.[3] At that time, the petitioner was admitted into a substance abuse treatment program. Additionally, the petitioner was on parole for a prior drug-related offense, conditioned on attending a drug treatment program. In March 2024, the court held an adjudicatory hearing at which the petitioner stipulated to the allegations contained in the petition and was adjudicated an abusing and neglectful parent in regard to both children. The petitioner was also granted a six-month post-adjudicatory improvement period.

---

[1] The petitioner appears by counsel Lauren A. Estep. The West Virginia Department of Human Services appears by counsel Attorney General John B. McCuskey and Assistant Attorney General Lee Niezgoda. Respondent Mother T.M. appears by counsel Thomas Karr. Counsel Keith White appears as the children's guardian ad litem.

Additionally, pursuant to West Virginia Code § 5F-2-1a, the agency formerly known as the West Virginia Department of Health and Human Resources was terminated. It is now three separate agencies—the Department of Health Facilities, the Department of Health, and the Department of Human Services. *See* W. Va. Code § 5F-1-2. For purposes of abuse and neglect appeals, the agency is now the Department of Human Services ("DHS").

[2] We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e). Additionally, because the initials of the petitioner and one of the children are the same, we use numbers to differentiate the two.

[3] Subsequently, the DHS filed an amended petition to include the children's biological father.

1

In May 2024, the petitioner transferred to a different inpatient substance abuse treatment program. However, the petitioner left the program against medical advice several weeks later. As a result, the petitioner's parole was revoked, and he was incarcerated. In July 2024, he was released from incarceration and reported to the DHS that he wanted to resume his improvement period. The record shows that during the following month of his improvement period, the petitioner had a multitude of positive drug screens.

Then, in September 2024, the petitioner was arrested on a new felony charge for possession with intent to deliver fentanyl and methamphetamine. This led to his second parole violation, and he was once again incarcerated. The DHS was also informed that prior to his arrest, the petitioner began refusing to participate in drug screening in protest over his visits with E.M. being stopped. Due to his two parole violations, the new felony charges, and his overall noncompliance with the terms of his improvement period, the DHS recommended that his improvement period and custodial rights to the children be terminated. At the petitioner's review hearing on September 27, 2024, the court terminated his improvement period.

At the dispositional hearing in November 2024, the DHS presented evidence of the petitioner's noncompliance with the terms of his improvement period which included his two parole revocations, positive drug screens, and current incarceration. The court found that the petitioner failed to successfully complete his improvement period and could not meaningfully participate in additional services because of his incarceration. As such, the court found that "there [was] no reasonable likelihood that the conditions of neglect and abuse can be substantially corrected in the near future." Furthermore, in consideration of the facts paired with the need to provide permanency for the children, the court found that termination of the petitioner's custodial rights was necessary for the children's welfare. Accordingly, the court terminated the petitioner's custodial rights to the children.[4] The petitioner now appeals the court's dispositional order.[5]

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T*., 228 W. Va. 89, 717 S.E.2d 873 (2011). The petitioner argues that the circuit court erred in terminating his custodial rights because the DHS failed to show by clear and convincing evidence that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future. We disagree.

Pursuant to West Virginia Code § 49-4-604(d)(3), a court may find that there is no reasonable likelihood that conditions of abuse and neglect can be substantially corrected when "[t]he abusing parent . . . [has] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts." Here, the record clearly shows that the DHS presented

---

[4] The court specifically terminated "any and all rights" that the petitioner had to the children. As their stepfather, the petitioner clearly exercised custodial rights. As such, we will refer to this as a termination of the petitioner's custodial rights herein.

[5] According to the DHS, the parents' dispositional hearing has been scheduled and the DHS is recommending termination of their parental rights. The permanency plan for the children is adoption in their current placements.

evidence of the petitioner's repeated failures to comply with the terms of his improvement period, including two separate parole revocations, the first for leaving his drug treatment program against medical advice and the second after he was charged with new criminal conduct. Along with the above violations, the petitioner repeatedly tested positive for drugs shortly before his final incarceration and refused to participate in drug screening for a short period. The petitioner contends that he "participate[d] in the case and [i]mprovement [p]eriod as if he were the biological parent," and therefore, termination of his custodial rights was in error. However, the petitioner overlooks the overwhelming evidence of his noncompliance with his improvement period. To the extent that the petitioner argues that this Court should reweigh the evidence, we note that credibility determinations and the weighing of evidence are the exclusive task of the circuit court as the finder of fact and will not be disturbed on appeal. *See In re D.S.*, 251 W. Va. 466, --, 914 S.E.2d 701, 707 (2025) ("We . . . do not reweigh the evidence or make credibility determinations.").

Accordingly, the circuit court had ample evidence upon which to find that there was no reasonable likelihood that the petitioner could substantially correct the conditions of abuse and neglect in the near future and that termination of his custodial rights was necessary for the children's welfare. Circuit courts are permitted to terminate custodial rights upon these findings. *See* W. Va. Code § 49-4-604(c)(6) (permitting termination of custodial rights "[u]pon a finding that there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future and, when necessary for the welfare of the child"); Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011) (Permitting termination of rights "when it is found that there is no reasonable likelihood . . . that conditions of neglect or abuse can be substantially corrected." (quoting Syl. Pt. 2, *In re R.J.M.*, 164 W. Va. 496, 266 S.E.2d 114 (1980))). As such, we conclude that the circuit court did not err in terminating the petitioner's custodial rights.

For the foregoing reasons, we find no error in the decision of the circuit court, and its January 31, 2025, dispositional order is hereby affirmed.

Affirmed.

**ISSUED**: September 30, 2025

**CONCURRED IN BY**:

Chief Justice William R. Wooton
Justice C. Haley Bunn
Justice Charles S. Trump IV
Justice Thomas H. Ewing
Senior Status Justice John A. Hutchison

3